Carcamo-Ayala v. Garland

BIA
Vomacka, IJ
A206 359 498/499/500

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-one.

PRESENT:
         GUIDO CALABRESI,
         JOSÉ A. CABRANES,
         STEVEN J. MENASHI,
              *Circuit Judges.*

---

**MARTHA YANIRA CARCAMO-AYALA, YANIRA ALEXANDRA CRUZ-CARCAMO, JHOAN STIVEN CRUZ-CARCAMO,**
         *Petitioners,*

         **v.**                                    19-1643
                                                   NAC

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
         *Respondent.*

---

FOR PETITIONERS:           H. Raymond Fasano, Esq., Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; John B. Holt,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Martha Yanira Carcamo-Ayala, Yanira Alexandra Cruz-Carcamo, and Jhoan Stiven Cruz-Carcamo, natives and citizens of El Salvador, seek review of a May 10, 2019, decision of the BIA affirming a December 20, 2017, decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. *In re Martha Yanira Carcamo-Ayala, et al.*, Nos. A206 359 498/499/500 (B.I.A. May 10, 2019), *aff'g* Nos. A206 359 498/499/500 (Immig. Ct. N.Y. City Dec. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191,

2

195 (2d Cir. 2014).

An applicant for asylum and withholding of removal must establish a nexus between the harm she suffered and fears and her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). The agency did not err in finding that Carcamo-Ayala failed to demonstrate a nexus between the harm she suffered and fears from gangs and her membership in the particular social group of her husband's family.

Her testimony did not compel the agency to conclude that gang members targeted her based on her familial ties rather than for financial reasons, and "harm motivated purely by wealth is not persecution." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"); *see* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (requiring applicant to show nexus "through direct or circumstantial evidence" of the persecutor's motive). We find that,

3

contrary to Carcamo-Ayala's contention, the BIA adequately explained its decision. And we do not reach her political opinion claim or allegations of IJ bias because she failed to exhaust those issues before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Because Carcamo-Ayala failed to establish a nexus between the harm she fears and a protected ground, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A). We lack jurisdiction to review the IJ's denial of Carcamo-Ayala's CAT claim because she did not adequately challenge that decision on appeal to the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4